**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-61390-BLOOM**

RENE CAMILO HERNANDEZ DE LOS REYES,

     Petitioner,

v.

WARDEN, BROWARD
TRANSITIONAL CENTER, *et al.*,

     Respondents.

_____/

**<u>ORDER TO SHOW CAUSE</u>**

**THIS CAUSE** is before the Court upon Petitioner Rene Camilo Hernandez De Los Reyes's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). ECF No. [1]. Petitioner challenges his detention in Immigration and Customs Enforcement ("ICE") custody at the Broward Transitional Center ("BTC") in Pompano Beach, Florida, and seeks immediate release from custody or a bond hearing before an immigration judge. ECF No. [1] ¶ 15.

The Court will grant Petitioner's request for an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a), on an expedited basis. Petitioner is *pro se* and claims he has been wrongfully denied an individualized bond hearing before an immigration judge. *Id*. at 8. In prior cases involving essentially indistinguishable facts, Respondents have advanced the position that immigrants like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See, e.g.*, *Huerta-Lopez v. Miami Ice Field Office Director, et al.*, No. 26-cv-20165-BLOOM (S.D. Fla. Mar. 23, 2026), Dkt. No. 6. In a recent decision, the Eleventh Circuit has rejected the Government's view and held that detainees similarly situated to Petitioner are being detained pursuant to 8 U.S.C. § 1226(a) and are therefore entitled to a bond hearing. *See*

*generally Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026). While the Court will address with fresh eyes any factual or legal argument either party wishes to present, in the interest of judicial economy, upon due consideration it is **ORDERED AND ADJUDGED** as follows:

1. To preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

2. Counsel for Respondents shall immediately notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

3. Respondents shall either (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a) **no later than May 18, 2026**, or otherwise release Petitioner; or (2) show cause in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings, and any other documents necessary for the resolution of the Petition **no later than May 14, 2026**. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed"). Respondents are reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes."); *Rodriguez v Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the [] answer and filed with the Court

must be served on the habeas petitioner.").

a. If Respondents choose to provide Petitioner an individualized bond hearing, Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing. **No less than 72 hours prior to the time the bond hearing is set to commence**, Respondents shall notify Petitioner that a bond hearing has been scheduled, which notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing. **No later than May 14, 2026**, Respondents shall file a notice advising the Court that a bond hearing is scheduled or confirm the steps taken to release Petitioner. **Within 24 hours of the bond hearing or Petitioner's release**, Respondents must file a status report confirming Petitioner's release or indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

b. If Respondents elect to show cause, Respondents' brief shall set forth the factual and legal reasons why this case is distinguishable from other cases in which bond hearings have been granted. Petitioner may, but is not required to, file a reply within **three (3) days** of the date on which the Court dockets the Response. The reply, if any, **shall not exceed ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); L.R. 5.1(a)(4).

Case No. 26-cv-61390-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

Rene Camilo Hernandez De Los Reyes, *Pro Se*
A# 240245416
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073